IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:21-CR-80-TAV-DCP |
| TYLER L. SWANSON, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

All pretrial motions in this case have been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation as may be appropriate. The parties appeared before the undersigned on October 26, 2021, for a motion hearing on Defendant's Motion for Leave to File Motion(s) [Doc. 17], argument on Defendant's request for a *Franks* hearing, and an evidentiary hearing on the issue of the voluntariness of Defendant's statement in his Motion to Suppress [Doc. 18]. Assistant United States Attorney Alan S. Kirk and Intern Jason Trautwein appeared on behalf of the Government. Attorney Troy L. Bowlin, II, represented Defendant Tyler L. Swanson, who was also present.

I. **Additional Motions**

Defendant moves [Doc. 17] the Court to extend the September 20, 2021 motion deadline sixty days to provide counsel additional time to complete his investigation, to include analysis of expert reports on forensic examinations of firearms and suppressors. At the hearing, Mr. Bowlin stated that Defendant has yet to locate a firearms expert to review the data from the Government's expert and to conduct additional testing. He stated that any additional motions would relate to experts and testing. He anticipated that testing by his expert would not take long but could

potentially last until mid-December. The Government responded [Doc. 18] that it does not oppose Defendant's request for additional time to file motions. At the hearing, Mr. Bowlin indicated that because of the expense associated with hiring a firearms expert, the Defendant preferred to wait for a resolution of his suppression motion, which could render a firearms expert unnecessary.

The Court finds Defendant has shown good cause for a sixty-day extension of his motion deadline and that this request is not opposed by the Government. Accordingly, Defendant's Motion for Leave to File Motion(s) [**Doc. 17**] is **GRANTED**. Defendant may file motions relating to experts or expert testing on or before **November 19, 2021**. The Court declines to extend the motion deadline to mid-December at this time. If Defendant determines that additional time is necessary to file motions relating to experts or expert testing, he must file another motion for an extension and must address the impact of a late motion on the February 8, 2021 trial date.

## II. Supplemental Proof of Preliminary Showing for *Franks* Hearing

Defendant argues [Doc. 18] that the affidavit of Special ATF Agent James Makemson contains false statements and/or material omissions regarding alleged firearms suppressors or silencers. Defendant requests a *Franks* hearing on this issue.

A reviewing court's evaluation of whether an affidavit establishes probable cause is typically limited to only the information that was before the issuing judge, i.e., only what is contained within the four corners of the supporting affidavit. *United States v. Brooks*, 594 F.3d 488, 492 (6th Cir.), cert. denied, 560 U.S. 959 (2010). "In a *Franks* hearing, a court determines whether to suppress the fruits of an executed search warrant, where the warrant was the result of a false statement." *United States v. Crawford*, 943 F.3d 297, 309 (6th Cir. 2019) (citing *Franks v. Delaware*, 438 U.S. 154, 171 (1978)). "A defendant challenging the validity of a search warrant's affidavit bears a heavy burden." *United States v. Bateman*, 945 F.3d 997, 1008 (6th Cir. 2019).

An affidavit supporting a search warrant is presumed to be valid. *Franks*, 438 U.S. at 171. A defendant seeking a *Franks* hearing, "must make a 'substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit.'" *Crawford*, 943 F.3d at 309 (quoting *Franks*, 438 U.S. at 171). "'The allegedly false statement,' moreover, must be 'necessary to the finding of probable cause.'" *Id.*

At the October 26 hearing, Mr. Bowlin stated he believed that by setting a hearing on his Motion to Suppress, the Court had granted his request for a *Franks* hearing. He stated that he expected Agent Makemson would be present at the October 22 hearing and could be questioned about the false statements in the affidavit. The Court informed defense counsel that it has yet to determine whether Defendant has carried his burden of making a substantial preliminary showing that the affiant made a knowing or recklessly false statement that is necessary to the probable cause finding. The Court permitted Defendant to make a supplemental filing on or before **November 3, 2021**, on the issue of the substantial preliminary showing. If the Defendant submits a filing by this deadline, the Government may respond by **November 10, 2021**. Thereafter, the Court will determine whether Defendant is entitled to a *Franks* hearing.

### III. Conclusion

Accordingly, the Court **ORDERS** as follows:

(1) Defendant's Motion for Leave to File Motion(s) [**Doc. 17**] is **GRANTED**. Defendant may file motions relating to experts or expert testing on or before **November 19, 2021**;

(2) Defendant's oral request to submit a supplemental filing on the issue of the substantial preliminary showing required for a *Franks* hearing is **GRANTED**. Defendant shall make his supplemental filing on or before **November 3, 2021**;

(3) If the Defendant submits a supplemental filing, the Government may respond by **November 10, 2021**.

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge