IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:21-CR-80-TAV-DCP |
| TYLER L. SWANSON, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. The parties appeared before the undersigned on January 25, 2022, for a telephonic motion hearing on Defendant Tyler Swanson's Motion to Continue Trial [Doc. 19], filed on January 19, 2022, and Supplement to Motion to Continue Trial [Doc. 33], filed on January 24, 2022. Assistant United States Attorney Alan Scott Kirk appeared by telephone on behalf of the Government. Attorney Troy L. Bowlin, II, appeared by telephone representing Defendant Swanson, who was excused from the hearing.

In the motion and supplement, Defendant asks to continue the February 8, 2022 trial date and reset the plea deadline, to give counsel time to research Defendant's criminal history, in order to advise Defendant on plea negotiations and his sentencing exposure. The motion states that communications and trial preparations have been complicated by Defendant's grief over his recent loss of a child and the surge of illness relating to Covid-19, resulting in quarantine and isolation and disrupting counsel's office and home.

At the motion hearing, Mr. Bowlin added that he has had multiple meetings with counsel for the Government and the United States Probation Office to determine Defendant's potential sentencing exposure. He said some of Defendant's prior convictions in different counties within the same judicial district may merge, affecting Defendant's criminal history points. Mr. Bowlin stated that additional time is needed to work through these issues and to advise Defendant on a potential resolution of the case. AUSA Kirk said the Government did not oppose the motion. The parties agreed on a new trial date of May 17, 2022.

The Court finds Defendant Swanson's motion to continue the trial and plea deadline is unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Based upon the representations in the motion, defense counsel needs additional time to investigate Defendant's criminal history and advise Defendant on the best resolution of the case. The Court observes that Defendant's suppression motion is pending before the District Judge and that additional time is needed for a ruling on that motion, following the filing of a Report and Recommendation on January 11, 2022. *See* 18 U.S.C. § 3161(h)(1)(H). The Court finds that if plea negotiations are not fruitful, the parties will need time to prepare for trial, after receiving a ruling on the suppression motion. The Court finds that trial preparations cannot be concluded by the February 8 trial date or in less than two and one-half months. The Court concludes that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The motion to continue the trial and plea deadline [**Doc. 32**] is **GRANTED**. The trial of this case is reset to **May 17, 2022**. The Court finds that all the time between the filing of the

motion on January 19, 2022, and the new trial date of May 17, 2022, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D), -(1)(H), & -(7)(A)-(B). The Court extended the plea deadline and other pretrial deadlines, as stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) Defendant Swanson's Motion to Continue Trial [**Doc. 32**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **May 17, 2022**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the motion on **January 19, 2022**, and the new trial date of **May 17, 2022**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **April 18, 2022**;

(5) The deadline for filing motions *in limine* is **May 2, 2022**;

(6) The parties are to appear before the undersigned for a final pretrial conference on **May 5, 2022, at 2:00 p.m.**; and

(7) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **May 6, 2022**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge