UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) | No. 3:21-CR-80-TAV-DCP |
| TYLER L. SWANSON, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on the matter of Defendant Tyler Swanson's representation, which Defendant raised in a pro se letter. Defendant's letter requesting removal of retained counsel was docketed as a motion on July 26, 2022 [Doc. 43] and referred to the undersigned on July 28, 2022 [Doc. 44]. *See* 28 U.S.C. § 636(b). On July 29, 2022, defense counsel filed a Motion to Withdraw by Troy L. Bowlin, II, and Response to Pro[ ]Se Motion to Withdraw Filed by Mr. Swanson [Doc. 45],[1] which was also referred [Doc. 47]. Although first represented by court-appointed counsel [Doc. 6],[2] Defendant retained Attorney Troy L. Bowlin, II, to represent him in this case [Doc. 13]. On April 28, 2022, the parties filed a plea agreement [Doc. 41]. Less than two weeks before the change of plea hearing, Defendant sent a letter asking the Court to remove Mr. Bowlin due to irreconcilable differences causing Defendant to have doubts about counsel. Mr. Bowlin asks to withdraw because an unavoidable conflict of interest under the Rules of Professional Conduct renders his continued representation of Defendant impossible.

---

[1] On July 29, 2022, Attorney Bowlin filed a corrected version of his Motion to Withdraw, changing only the date on which he met with Defendant from July 25 to July 26, 2022 [Doc. 46].

[2] On July 1, 2021, the Court appointed Assistant Federal Defender Stephen A. Ferrell and the Federal Defender Services of Eastern Tennessee at Defendant's initial appearance and arraignment [Doc. 6].

The parties appeared before the undersigned on August 16, 2022, for a motion hearing on the pending motions. Assistant United States Attorney Alan Scott Kirk represented the Government. Mr. Bowlin appeared along with Defendant Swanson. CJA Panel Attorney Stephen G. McGrath was also present at the Court's request.

Mr. Bowlin stated that an unavoidable and irreparable conflict has arisen under the Rules of Professional Conduct, preventing his continued representation of Defendant Swanson. AUSA Kirk said the Government takes no position on the motions relating to Defendant's representation by Mr. Bowlin. The Court conducted a sealed, *ex parte* inquiry with Defendant and Mr. Bowlin to learn the nature and extent of the problems with the attorney-client relationship. Without going into the confidential details of that discussion, the Court finds that good cause exists for the substitution of counsel in this case. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (requiring defendant to show good cause for the substitution of counsel). Mr. Bowlin appears to have an actual conflict of interest in the continued representation of Defendant Swanson. Accordingly, Mr. Bowlin is **RELIEVED** of further representation of Defendant.

Defendant asked the Court to appoint new counsel to represent him in this case and filled out a new financial affidavit in support of this request. Based upon Defendant's financial affidavit, the Court finds that he qualifies for appointed counsel. Mr. McGrath stated he is willing to accept representation of Defendant Swanson and knows of no conflicts, after reviewing the electronic docket. Accordingly, the Court **SUBSTITUTES** and **APPOINTS** Mr. McGrath under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, as counsel of record for Defendant Swanson.[3]

---

[3] In relieving Mr. Bowlin and substituting Mr. McGrath, the Court makes no finding with regard to Defendant's assertions that counsel was dishonest and could not provide an adequate defense or on Defendant's request for a partial return of counsel's retainer.

The Court directed Mr. Bowlin to provide the discovery and information from Defendant's file to new counsel, and Mr. Bowlin stated he would provide a digital copy to Mr. McGrath right away.

Accordingly, the Court **ORDERS** as follows:

(1) Defendant's pro se request to remove retained counsel [**Doc. 43**] and his oral request for the appointment of new counsel are **GRANTED**. Attorney Bowlin's Motion to Withdraw [**Doc. 45**] is also **GRANTED**;

(2) Attorney Troy L. Bowlin, II, is **RELIEVED** of his representation of Defendant Swanson and **DIRECTED** to provide the discovery and information from Defendant's file to new counsel;

(3) The Court finds that Defendant qualifies for court-appointed counsel. Attorney Stephen G. McGrath is **SUBSTITUTED** and **APPOINTED** as Defendant Swanson's counsel of record under the CJA.; and

(4) Defendant's change of plea hearing before United States District Judge Thomas A. Varlan is reset to **September 26, 2022**.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge